JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 4 2000

FILED
CLERK'S OFFICE

## DOCKET NO. 1374

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASSICURAZIONI GENERALI S.P.A. HOLOCAUST ERA INSURANCE LITIGATION

*BEFORE JOHN F. NANGLE, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, WM. TERRELL HODGES, MOREY L. SEAR, BRUCE M. SELYA\* AND JULIA SMITH GIBBONS, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation consists at this time of the seven actions listed on the attached Schedule A and pending in six districts as follows: two actions in the Southern District of New York, and one action each in the Central, Northern and Southern Districts of California, the Southern District of Florida, and the Eastern District of Wisconsin.[1] Common defendant Assicurazioni Generali S.p.A. (Generali) moves the Panel, pursuant to 28 U.S.C. §1407, for centralization of the litigation in the Southern District of New York. Plaintiffs in one of the New York actions (*Winters*) support transfer. All other plaintiffs oppose transfer. A codefendant in *Winters,* Kolnische Ruckversicherungsgesellschaft AG (KR), requests the Panel to make whatever disposition it deems proper of the Generali motion, provided that the Panel transfer the claims asserted against KR in *Winters* to the District of New Jersey for inclusion in MDL-1337, *In re Holocaust Era German Bank, Industry & Insurance Litigation* (J.P.M.L. August 4, 2000) (unpublished order).[2]

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern

---

\*Judge Selya took no part in the decision of this matter.

[1] The Panel has been notified of three additional potentially related actions pending in the Central District of California. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 192 F.R.D. 459, 468-70 (2000).

[2] At the time of KR's response to the MDL-1374 motion, the Panel had not yet decided a then pending motion for reconsideration of certain parts of the Panel's August 4, 2000 transfer decision in MDL-1337. Those movants for reconsideration sought reversal of, *inter alia*, the Panel's decision not to include *Winters* in the actions centralized in the District of New Jersey in MDL-1337. Had the Panel granted the relief sought in the motion for reconsideration, the claims against KR in *Winters* would have been included in the transfer of the action to the New Jersey district. We view our decision denying the motion for reconsideration to be controlling of KR's request for transfer of the claims against it to the District of New Jersey for inclusion in MDL-1337. *See In re Holocaust Era German Industry, Bank & Insurance Litigation,* MDL-1337 (J.P.M.L. September 29, 2000) (unpublished order).

IMAGED DEC 6 '00

District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each action contains claims against Generali arising out of the same alleged factual core, namely, that Generali has deliberately and wrongfully failed to satisfy contractual obligations to victims of the Holocaust, their heirs and beneficiaries. Centralization under Section 1407 in the Southern District of New York will streamline pretrial proceedings, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. We note that any pending motions, including motions to remand actions to state court, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

We are not persuaded by plaintiffs' argument that individual questions of fact predominate over threshold common matters in these actions. Moreover, we point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues or parties to proceed concurrently with pretrial proceedings on common matters, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 192 F.R.D. 459, 470-72 (2000).

We are persuaded that the Southern District of New York is the most appropriate transferee forum for this litigation. The two constituent actions in that district have been pending far longer than any of the other MDL-1374 actions and are before a judge who, as a result of presiding over the first-filed New York action for over three and one half years, has already developed a familiarity with the complicated issues presented by this docket. Furthermore, the two Southern District of New York actions are broader in scope than the other MDL-1374 actions and include additional defendants (named only in the New York actions) for whom transfer to another district at this stage in the actions' proceedings would be unnecessarily complicating.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Michael B. Mukasey for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

IMAGED DEC 6 '00

## SCHEDULE A

MDL-1374 -- In re Assicurazioni Generali S.p.A. Holocaust Era Insurance Litigation

Central District of California

*Jack Brauns, M.D. v. Assicurazioni Generali, S.p.A., et al.*, C.A. No. 2:00-6194

Northern District of California

*Ernest Smetana, et al. v. Assicurazioni Generali S.p.A., et al.*, C.A. No. 3:00-2203

Southern District of California

*Benjamin Mandil v. Assicurazioni Generali, S.p.A., et al.*, C.A. No. 3:00-1202

Southern District of Florida

*Thomas Weiss v. Assicurazioni Generali, S.P.A., et al.*, C.A. No. 1:00-3316

Southern District of New York

*Marta Drucker Cornell, et al. v. Assicurazioni Generali S.p.A, et al.*,
  C.A. No. 1:97-2262
*Walter Winters, et al. v. Assicurazioni Generali, S.p.A. Consolidated, et al.*,
  C.A. No. 1:98-9186

Eastern District of Wisconsin

*David David v. Assicurazioni Generali, S.p.A.*, C.A. No. 2:00-169